# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

In re:

QUINAE LEE,                                            Case No. 05-12737-RGM
                                                       (Chapter 7)

          Debtor.

## <u>MEMORANDUM OPINION</u>

THIS CASE was before the court on March 13, 2007, on the motion of H. Jason Gold, chapter 7 trustee, to approve a settlement with Robert J. Neal, Jr., with respect to property in Lorton, Virginia.

The property is owned by Robert J. Neal, Jr., and Quinae Lee. Only Ms. Lee filed a petition in bankruptcy. They were formerly married and owned the property as tenants by the entirety with the common law right of survivorship. Upon their divorce, the tenancy by the entirety was converted to a tenancy in common.

The trustee believes that the fair market value of the property is about $225,000.00. There is an unpaid first trust with an outstanding balance of about $38,000.00. The trustee's settlement provided that Mr. Neal would pay the trustee $14,500.00 and the estate would convey its interest in the property to him.

The amount of the settlement is enough to pay all unsecured creditors and all administrative expenses in full. There would be little, if any, surplus to be paid to the debtor.

The trustee stated that one of the reasons that he settled the matter was because he was not satisfied that he could obtain a sale of the property. A trustee has the power to sell an entire property including the interest of a co-owner under §363(h). There are, however, limitations on this power.

1

One of those restrictions is that "the benefit to the estate of a sale of such property free of the interest of co-owners outweighs the detriment, if any, to such co-owners". 11 U.S.C. §363(h)(3). Mr. Neal has resided in the property for 22 years. During most of the time, he was divorced and the debtor did not live in the property. It appears that he has borne all of the costs of maintaining the property, including paying the mortgage, for those years. It is not clear that there is any property settlement agreement, although Mr. Neal suggests that the debtor agreed to convey title to him for no consideration.

In these circumstances, the trustee was concerned that he would not be able to effectuate a sale of the property because the harm to Mr. Neal could outweigh the benefit to the estate.

While the court recognizes that this is a matter ripe for settlement, the terms of the settlement are not appropriate. While the terms of the settlement fully protect the creditors of the estate and the payment of the administrative expenses, they do not consider the debtor's interest in the real property. It is clear that there is substantial equity in the property and that the debtor's one-half interest in the property is substantial. In fact, if the property were to be sold and she were entitled to one-half of the proceeds, she would be entitled to $50,000.00 to $75,000.00 after all of her creditors are paid. In these circumstances, the settlement proposed by the trustee is not fair or reasonable.

At the hearing, Mr. Neal's attorney agreed to a settlement in which Mr. Neal would pay $14,500.00 to the estate and the estate would simply abandon the estate's interest in the property.

The effect of abandonment of the property is to leave the property titled as it was prior to the petition in bankruptcy. This means that the debtor will have a one-half undivided interest in the real property as will Mr. Neal. It will then be up to them to resolve the ownership interest. Mr. Neal's

2

attorney states that Ms. Lee agreed to sign a Quit Claim Deed.  How they resolve their issues,

though, is between them.  The court recognizes that there may be other considerations for them with

respect to resolving the ownership interest.  However, without the debtor's consent, the proposal by

the trustee cannot be accepted.[1]  The court will approve the settlement as modified.

Alexandria, Virginia
May 16, 2007

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

H. Jason Gold
Joel S. Aronson

Copy mailed to:

Quinae Lee
1113 Thomas Jefferson Place
Fredericksburg, Virginia 22405

August McCarthy
Leiser & Associates, PLLC
8229 Boone Boulevard, Suite 310
Vienna, Virginia 22182

13573

---

[1]The court notes that the debtor's attorney was disbarred and she is proceeding pro se.  She made
no appearance with respect to this motion.